UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY BILLUPS,<br><br>                          Plaintiff,<br><br>-against-<br><br>ADRIENNE A. HARRIS, New York State Dept. of Taxation and Finance Commissioner; AMANDA HILLER, New York State Dept. of Taxation and Finance Deputy Commissioner; KAREN GEDULDIG, New York State Dept. of Taxation and Finance, Deputy Commissioner of Civil Enforcement Division; JOSEPH CAPELLA Administrative Judge,<br>                          Defendants. | 24-CV-8735 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, asserting violations of his rights under the Fifth and Fourteenth Amendments. He sues the Commissioner of the New York State Department of Taxation and Finance (DOTF), two Deputy Commissioners, and an Administrative Law Judge for alleged procedural due process violations in connection with a lien on his bank account and the suspension of his driver's license. By order dated November 25, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff Gregory Billups alleges that his claims first arose in January 2024. Plaintiff received "several calls" from the New York State Department of Taxation and Finance (DOTF). On February 5, 2024, Plaintiff received a "final demand" from DOTF. After proceedings before "Bronx County Courthouse Administrative Judge Hon. Joseph Capella," on March 14, 2024, the DOTF imposed a lien on Plaintiff's account with TD Bank, N.A. and had his driver's license suspended. (ECF 1 at 9, 12.)[2] Plaintiff contends that Defendants did so in violation of his right to procedural due process. Eight days passed before the lien on Plaintiff's account was lifted.[3]

Plaintiff brings this action against DOTF Commission Adrienne Harris, and Deputy Commissioners Amanda Hiller and Karen Geduldig, as well as Administrative Law Judge Joseph Capella. Plaintiff seeks $75,000 in damages.

## DISCUSSION

**A.    Claims against NYS DOTF Officials**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] The Tax Compliance Levy directed to TD Bank, N.A., which is attached to the complaint, states that the DOTF is a judgment creditor, that the original warranted amount owed is $45,700.82, and the current amount of $101,503.27. (ECF 1 at 15.)

[3] Plaintiff attaches documents directed to the DOTF that apparently were drafted by Jamal B. Amu'Ra El and Rahid Bey, holding themselves out as "Public Minister Law Administration." (ECF 1 at 10.)

3

state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Defendants Harris, Hiller and Geduldig are all agents of the NYS DOTF and, as state agents, they enjoy Eleventh Amendment immunity from suit for claims against them in their official capacities. Plaintiff's Section 1983 claims for damages against Defendants Harris, Hiller, and Geduldig in their official capacities are therefore barred by Eleventh Amendment immunity and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.      Procedural Due Process**

Plaintiff contends that defendants violated his right to procedural due process. "The two threshold questions in any [Section] 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes, and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)); *see also Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998) (holding that to state a procedural due process claim, a plaintiff must "demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process of law").

When the government deprives a plaintiff of a property interest pursuant to an established procedure, procedural due process is generally satisfied so long as some form of hearing is provided before the individual is deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147,

158 (2d Cir. 2011).[4] Generally, "if a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991).

By contrast, where a person is deprived of a property right because of a random and unauthorized act, the Due Process Clause of the Fourteenth Amendment is satisfied if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate post-deprivation remedy).

Plaintiff alleges that the NYS DOTF repeatedly contacted him by phone and mail before court proceedings in Bronx County regarding his debt. After the court proceedings, the DOTF commenced enforcement of a warrant levying money in Plaintiff's checking account with TD Bank, N.A. The NYS DOTF has extensive pre- and post-levy procedures and offers procedural protections before suspension of a driver's license.[5] Plaintiff's allegations suggest that he had opportunities to be heard before he was deprived of his property, whether or not he availed himself of such procedures. Plaintiff also has not identified any deficiency in the pre-deprivation procedures afforded him. Plaintiff's allegations thus fail to state a Section 1983 claim for the

---

[4] Conduct is undertaken in accordance with established state procedures when, for example, it is "'pursuant to a statute, code, regulation, or custom,'" or is the result of a decision made by a high-ranking official with "'final authority over significant matters.'" *Viteritti v. Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 134 (E.D.N.Y. 2013) (quoting *Chase Grp. All. LLC v. City of New York Dep't of Fin.*, 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

[5] *See* NYS Pub. 131 (Your Rights and Obligations Under the Tax Law).

violation of his procedural due process rights.[6] Plaintiff's claims are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Because Plaintiff sues Administrative Law Judge (ALJ) Joseph Capella for "acts arising out of, or related to, individual cases before him," ALJ Capella is immune from suit for damages for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Defendant Capella because they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii).

**D.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

---

[6] Even if Plaintiff had sufficiently alleged a violation of his rights, he has not pleaded facts about how the defendants were personally involved in violating his rights, as is required for an individual capacity claim. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:  April 14, 2025
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge